# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **MIREYA ANTILLON CERECERES,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **No.  3:25-CV-00279-LS** |
| | § | |
| **DEPLOYED RESOURCES, LLC,** | § | |
| **D/B/A RSUI,** | § | |
| | § | |
| *Defendant.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Mireya Antillon Cereceres sues her former employer, Defendant Deployed Resources, LLC, for injuries she sustained in an automobile accident while exiting Defendant's property. The Court grants Defendant's motion for summary judgment.

## I.     LEGAL STANDARD.

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[1] To establish that there is no genuine issue as to any material fact, the movant must submit evidence that negates the existence of some material element of the non-moving party's claim or defense.[2] If the crucial issue is one for which the non-moving party will bear the burden of proof at trial, the moving party need only show that the record evidence cannot prove this essential element of the nonmovant's claim or defense.[3]

---

[1] Fed. R. Civ. P. 56.

[2] *Fano v. O'Neill*, 806 F.2d 1262, 1266 (5th Cir. 1987) (holding that "summary judgment was premature" because the defendant "made no affirmative presentation to negate" the plaintiff's claims).

[3] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate.[4] Any "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."[5] Nor will "only a scintilla of evidence" meet the nonmovant's burden.[6] Rather, the nonmovant must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[7] The Court will not assume "in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."[8]

For a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant.[9] The Court reviews all record evidence, giving credence to evidence favoring the nonmovant as well as "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses."[10] The Court "may not make credibility determinations or weigh the evidence" in ruling on summary judgment motions[11] and reviews all facts "in the light most favorable to the nonmoving party."[12]

---

[4] *See Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

[5] *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

[6] *Little*, 37 F.3d at 1075.

[7] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[8] *Little*, 37 F.3d at 1075.

[9] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[10] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000) (quoting 9A Wright & Miller's Federal Practice and Procedure § 2529 p. 300 (2d ed.1995)).

[11] *Id.* at 150.

[12] *First Colony Life Ins. v. Sanford*, 555 F.3d 177, 180 (5th Cir. 2009).

## II.    ANALYSIS.

The Court previously dismissed Plaintiff's negligence per se, respondeat superior, and negligent hiring claims under Rule 12(b)(6) for failure to state a claim.[13] Plaintiff did not respond to Defendant's motion for summary judgment on the only remaining claim for negligence. Despite labelling the claim "negligence," Plaintiff pleads a series of failures in maintaining safe premises rather than Defendant engaging in any dangerous conduct.[14] Texas law distinguishes between premises liability—which "encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe"[15]—and negligence—which encompasses "a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury."[16] Plaintiff's claim is based on premises liability for nonfeasance in making the exit ramp safe, so she must prove premises liability's elements:

> (1) [A] condition of the premises created an unreasonable risk of harm to the [plaintiff]; (2) the owner actually knew of the condition; (3) the [plaintiff] did not actually know of the condition; (4) the owner failed to exercise ordinary care to protect the [plaintiff] from danger[, and] (5) the owner's failure was a proximate cause of injury to the [plaintiff].[17]

Premises liability can also extend to "occupant[s] of premises abutting a highway"[18] for obscured dangers "on land directly appurtenant to the land owned or occupied, and where that danger is near a place where invitees enter and exit the landowner's or occupier's property."[19]

Plaintiff incurred her injuries on the highway as she exited Defendant's property, but "a property owner or occupier has no duty to make safe or warn of a 'dangerous condition that is

---

[13] ECF No. 10.

[14] ECF No. 1-2 at 2–3.

[15] *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017) (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)).

[16] *Id.*

[17] *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992).

[18] *Alamo Nat'l Bank v. Kraus*, 616 S.W.2d 908, 910 (Tex. 1981).

[19] *HNMC, Inc. v. Chan*, 683 S.W.3d 373, 384 (Tex. 2024) (quoting *Holland v. Mem'l Hermann Health Sys.*, 570 S.W.3d 887, 897 (Tex. Ct. App. 2018)).

undisputedly open and obvious.'"[20] Plaintiff testified that she could clearly see the road[21] and distant headlights[22] before she turned and collided with the third-party drivers, and the Texas Supreme Court has found, at least for pedestrians, "[t]he risk of injury inherent in crossing any busy street . . . is unquestionably open and obvious."[23]

More importantly, Plaintiff offers no more than the unsubstantiated assertions in her complaint to factually support her claims. The record contains no evidence to demonstrate the premises' condition, the steps Defendant did or did not take to make the premises safe, or that any condition on the land proximately caused her injury. Plaintiff's own testimony suggests that her view of the road was unobstructed.[24] There is no issue of material fact, and the evidence is insufficient for a reasonable jury to find in Plaintiff's favor.

## III.    CONCLUSION.

The Court **GRANTS** Defendant's motion for summary judgment [ECF No. 11] and **DENIES** all other pending motions as moot. The Clerk shall close the case.

**SO ORDERED.**

**SIGNED** and **ENTERED** on June 1, 2026.



**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[20] *Id.* at 385 (quoting *SandRidge Energy, Inc. v. Barfield*, 642 S.W.3d 560, 563 (Tex. 2022)).
[21] ECF No. 11-3 at 17.
[22] ECF No. 11-3 at 11.
[23] *HNMC, Inc.*, 683 S.W.3d at 385.
[24] ECF No. 11-3 at 11 ("Q: Okay. Was there anything blocking your view of the road when you were looking to your left? A: No.").